IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alton M. Chisolm,<br><br>Petitioner,<br><br>v.<br><br>The Well Path Center and State of South Carolina,<br><br>Respondent. | C/A No. 4:26-cv-1992-JFA-TER<br><br><br><br>**ORDER** |

## I. INTRODUCTION

Alton M. Chisolm ("Petitioner"), proceeding pro se, filed this petition for Writ of Habeas Corpus pursuant to 28 U.S.C § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review. Specifically, the Magistrate Judge performed an initial review of Petitioner's "Motion to Vacate the Order Entry #5; Motion to Renew the Motion to Consolidate; Motion to Renew the Motion to Intervene by Right; Motion for Extension of Time to Reset Also Under Motions to compel Ruling of Law." (ECF No. 8).

After performing a review of the motion, the Magistrate Judge prepared a thorough Report and Recommendation and Order ("Report"). (ECF No. 9). Within the Report, the Magistrate Judge denied the motion and further opines the petition should be dismissed pursuant to Federal Rule of Civil Procedure 41(b). *Id.* The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts

and standards without a recitation. Petitioner filed objections to report along with several exhibits. (ECF No. 19)[1]. Thus, this matter is ripe for review.

## II. STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation

[1] Petitioner also submitted a variety of other filings which do not address the Report and are therefore not considered herein. (ECF Nos. 13, 14, 15, 16, 20, & 21).

to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

Because Petitioner is representing himself, these standards must be applied while liberally construing his filings in this case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## III. DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore no further recitation is necessary here. (ECF No. 9). The Report ultimately concludes that the petition should be summarily dismissed for several reasons. In response, Petitioner filed objections which assert numerous wide-ranging arguments.

Initially, Petitioner avers that his petition should not be dismissed for failure to exhaust administrative remedies as those remedies are not available to him. (ECF No. 19, p. 3). Petitioner's argument misses the mark. Although the Report referenced the possible

futility of any future amendments given a failure to exhaust administrative remedies, the Report ultimately recommends dismissal pursuant to Rule 41 for failure to prosecute and failure to follow court orders. Accordingly, this objection fails to address the dispositive portions of the Report and is therefore overruled.

Petitioner's next set of objections take issue with the Magistrate Judge's failure to grant a motion to intervene on behalf of Lawrence Crawford. (ECF No. 19, p. 10). Despite dozens of pages of disagreement with the Report's analysis, Petitioner fails to show any error in the Report. Petitioner has asserted this action seeking habeas relief including immediate release from confinement. Another inmate has no interest in Petitioner's relief and is not entitled to intervene by right or with permission. The alleged intervenor has the ability to pursue any relief sought via his own individual petition or civil action. However, a petition asserted pursuant to § 2241 is not an action by which additional inmates may seek relief as an intervenor. Accordingly, Petitioner's objections on this matter are denied.

Petitioner also takes issue with the failure to properly serve the alleged intervenor with a prior proper form order. (ECF No. 19, p. 16). As stated above, the motion to intervene was improper and therefore no service was needed on the alleged intervenor. Additionally, as noted in the Report, the attempted intervenor received a copy of the relevant orders as he signed several filings in response. Accordingly, lack of formal service in no way prejudiced the attempted intervenor.

Next, Petitioner requests additional time to comply with the court's directive to complete IFP forms or pay the filing fee. (ECF No. 19, p. 19). As noted in the Report, Petitioner has requested this relief before. However, Petition has made no efforts to comply

with court orders and further indicates he will not comply as he believes the court orders to be void. Petitioner avers the prior order directing Petitioner to pay the requisite fee or alternatively complete an IFP form should be voided as it was not properly served on the attempted intervenor. As stated above, any such service was unnecessary as the motion to intervene was never granted. Additionally, even if service should have been effectuated on the attempted intervenor, Petitioner himself was not relieved of the requirements within the order. Accordingly, the court declines to grant any request for additional time to comply as Petitioner has been given ample opportunities and time, yet fails to offer any indication he will abide by court directives. Thus, these objections are likewise overruled.

The remainder of Petitioner's objections rehash substantive arguments and express general grievances he has with his continued state court confinement and the associated proceedings. According, all other objections fail to address the dispositive issues within the Report and therefore show no error. Accordingly, the remainder of Petitioner's arguments are irrelevant and overruled.

## IV. CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Petitioner specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 9). For the reasons discussed above and in the Report, the petition is dismissed without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) and for failure to follow the court's prior order. Consequently, any other pending motion is terminated as moot.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2]

IT IS SO ORDERED.

August 25, 2026
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."